IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

REGINA FREEMAN,                )
                               )
    Plaintiff,             )
                               )
VS.                            )         No. 12-2989-JDT
                               )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
    Defendant.             )

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANT COMMISSIONER

Plaintiff, *pro se*, filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for child's supplemental security income benefits under the Social Security Act ("Act") on behalf of her son. The Commissioner has filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that the court does not have subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies. Plaintiff has not responded to the motion. For the reasons set forth below, the motion to dismiss is GRANTED.

Plaintiff protectively filed an application for supplemental security income on behalf of her son M.H., dated August 16, 2001, which was approved on August 16, 2001.[1] On July

---

[1] The declaration of Patrick J. Herbst from the Office of Disability Adjudication and Review ("ODAR"), Social Security Administration, sets forth the procedural history in this matter [DE# 8-2].

14, 2005, Plaintiff was notified that M.H. was no longer disabled as of July 2005. Plaintiff requested reconsideration of the determination, and the agency affirmed its determination on December 5, 2006. On December 19, 2006, Plaintiff requested a hearing by an administrative law judge ("ALJ"). The ALJ has not taken action with respect to Plaintiff's hearing request.[2]

Sections 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h), authorize judicial review in cases arising under Title II of the Act. These provisions are the exclusive basis for jurisdiction in cases arising under the Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Congress has explicitly stated that, in claims arising under the Act, judicial review is permitted only in accordance with § 405(g) as limited by § 405(h). See e.g., Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 8-13 (2000). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal

---

[2]The Commissioner acknowledges that there has been a significant delay in affording Plaintiff a hearing but states that the matter has now been brought to the attention of the hearing office, and the file has been submitted to the hearing office for further processing.

Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). And, "the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. (brackets omitted) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). When a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. See United States v. Babcock, 250 U.S. 328, 331 (1919). Accordingly, 42 U.S.C. § 405(g) and (h) are the exclusive bases for jurisdiction over cases arising under the Act.

  42 U.S.C. § 405(g) authorizes judicial review only after a claimant has exhausted administrative remedies. Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." Weinberger v. Salfi, 422 U.S. 749, 763 (1975). The regulations delineate a four-step administrative review process that must be followed before obtaining a judicially reviewable final decision. See 20 C.F.R. § 416.1400(a)(5) (2012) ("When you have completed the steps of the administrative review process [including an initial determination, reconsideration, a hearing before an ALJ, and Appeals Council review], we will have made our final decision"). Thus, a claimant obtains a final decision only if she completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying her request for review. See 20 C.F.R. §§ 416.1400(a), 416.1481, 422.210.

  In the present case, Plaintiff has not received a hearing before an ALJ, and the Appeals Council has not issued a decision or denied Plaintiff's request for review. Accordingly, Plaintiff has not received a "final decision" as defined in the regulations, and

thus, she has failed to establish the statutory prerequisites necessary for judicial review.

Because Plaintiff did not exhaust administrative remedies and has not obtained a judicially reviewable final decision, the complaint must be dismissed. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE